Mills v Deutsche Bank Natl. Trust Co. (2021 NY Slip Op 02383)





Mills v Deutsche Bank Natl. Trust Co.


2021 NY Slip Op 02383


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-06771
 (Index No. 518653/17)

[*1]Demona C. Mills, appellant, 
v
Deutsche Bank National Trust Company, etc., respondent.


LeNoir Law Firm, PLLC, New York, NY (S. John LeNoir of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Gregg L. Verrilli of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated April 3, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 27, 2017, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage on the ground that the six-year period for the commencement of an action to foreclose the subject mortgage had expired (see CPLR 213[4]). The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the complaint. The plaintiff appeals.
The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the complaint by establishing that the subject mortgage debt was accelerated in February 2011 by the filing of the complaint in a prior action to foreclose the subject mortgage, which complaint expressly elected to call due the entire amount secured by the mortgage (see Milone v US Bank N.A., 164 AD3d 145, 152). However, in opposition, the defendant demonstrated that the subsequent voluntary discontinuance of the foreclosure action constituted a revocation of any such acceleration (see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court